**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

AGUSTIN LIMON-URIBE,

        Petitioner,

    v.

BREWER,

        Respondent.

No.  2:23-CV-1125-KJM-DMC-P

FINDINGS AND RECOMMENDATIONS

        Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.   Pending before the Court is Respondent's unopposed motion to dismiss.  See ECF No. 7.

## I. BACKGROUND[1]

        In 2015, Petitioner was charged in the United States District Court for the Eastern District of Arkansas with scheming to distribute illicit drugs.  See ECF No. 9-1 (Appendix). Petitioner pleaded guilty and, on August 19, 2016, was sentenced to 120 months in the custody of the Bureau of Prisons (BOP).  See id.  Petitioner's current projected release date is May 17, 2024.

---

[1]    Facts are derived from various court records provided by Respondent in the Appendix filed in support of the motion to dismiss.  See ECF No. 7-1.  The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

1    See id.  Petitioner is subject to a final order of removal by Immigration and Customs

2    Enforcement.  See id.  In the instant federal petition, Petitioner seeks relief under the First Step

3    Act (FSA).  See ECF No. 1.

4

5    **II.  DISCUSSION**

6          In the unopposed motion to dismiss, Respondent argues: (1) this case must be

7    dismissed because Petitioner failed to exhaust administrative remedies with the BOP; (2) this case

8    must be dismissed for lack of standing to challenge BOP discretionary actions; and (3) this case

9    must be dismissed because Petitioner is subject to an order of removal.  See ECF No. 7.

10          The First Step Act (FSA) was enacted on December 21, 2018, and implemented a

11    number of prison and sentencing reforms, including computation of good time credits, reducing and

12    restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair

13    Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132

14    Stat. 5194 (2018).  Under the FSA, prisoners "who successfully complete[ ] evidence-based

15    recidivism reduction programming or productive activities" "shall earn 10 days of time credits for

16    every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be

17    at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased

18    their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of

19    successful participation in evidence-based recidivism reduction programming or productive

20    activities." 18 U.S.C. § 3632(d)(4)(A)(ii).  According to the FSA:

21
22          A prisoner is *ineligible to apply* time credits under subparagraph (C) if the prisoner is the *subject of a final order of removal* under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

23
24          18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added).

25          The Court finds Respondent's third argument dispositive.  The statute is quite

26    clear, and Respondent is correct that Petitioner is ineligible for relief under the FSA because he is

27    subject to an order of removal.  Petitioner's petition for a writ of habeas corpus must be

28    dismissed.

1

### III.  CONCLUSION

2       Based on the foregoing, the undersigned recommends that Respondent's

3   unopposed motion to dismiss, ECF No. 7, be GRANTED and that this action be dismissed.

4       These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6   after being served with these findings and recommendations, any party may file written objections

7   with the Court.  Responses to objections shall be filed within 14 days after service of objections.

8   Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

9   Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11   Dated:  January 31, 2024

12   _____
     DENNIS M. COTA

13   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3